IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LORENZA AVALOS,** § | | |
| Plaintiff, § | | |
| § | | |
| § | | |
| v. § | No. EP-14-CV-97-ATB | |
| § | (by consent) | |
| § | | |
| **CAROLYN W. COLVIN,** § | | |
| **Acting Commissioner of the** § | | |
| **Social Security Administration,**[1] § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be **REVERSED** and **REMANDED** for further proceedings.

### I.   PROCEDURAL HISTORY

On February 7, 2011, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of December 24, 2010. (R. 144). Her applications were denied initially and denied

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

No. EP-14-CV-97-ATB                    1

upon reconsideration. (R. 60, 77). Plaintiff filed a request for a hearing, which was held on September 26, 2012. (R. 28-46, 83). The Administrative Law Judge ("ALJ") issued a decision on December 27, 2012, denying benefits. (R. 14-23). Subsequently, the Appeals Council denied review. (R. 1-3).

## II.   ISSUE

Plaintiff presents the following issue for review:

1. Whether the ALJ's finding that Plaintiff can perform her past relevant work is supported by substantial evidence. (Pl.'s Br. 2, ECF No. 23).

Plaintiff contends that the ALJ's determination at step four, that Plaintiff could perform her past relevant work as a garment inspector and garment sorter, is not supported by substantial evidence. (*Id.* at 3-5). Specifically, Plaintiff claims that the jobs identified by the vocational expert ("VE") as Plaintiff's past relevant work exceed the ALJ's residual functional capacity ("RFC") determination which stated that Plaintiff could perform light work,[2] limited by, among other things, the ability to occasionally reach overhead and frequently reach forward with her left arm.[3] (*Id.* at 3-4, citing R. 19, 42). Accordingly, Plaintiff claims that the ALJ's error would have resulted in a finding at step five that Plaintiff was disabled. (*Id.* at 4-5). Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (*Id.* at 5).

---

[2] 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.").

[3] The ALJ's RFC determination contains no limitations regarding Plaintiff's right arm. (R. 19).

### III.     DISCUSSION

A.     **Standard of Review**

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence.  *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam) (citation omitted).  "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'"  *Masterson*, 309 F.3d at 272 (citation omitted).  The Commissioner's findings will be upheld if supported by substantial evidence.  *Id.* (citation omitted).  A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence.  *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision.  *Masterson*, 309 F.3d at 272 (citation omitted).  Conflicts in the evidence are for the Commissioner and not the courts to resolve.  *Id.* (citation omitted); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

B.     **Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant

work; and 5) whether the impairment prevents the claimant from doing any other work.  20 C.F.R. § 404.1520.  The claimant bears the burden of proof at the first four steps of the analysis.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

In the present case, the ALJ found that Plaintiff had the following severe impairments: obesity, left shoulder rotator repair/bicep tear, and depression.  (R. 16).  The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the listed impairments.  (R. 17-18).  In doing so, the ALJ determined that Plaintiff's impairments did not meet the criteria of listing 1.02, Major Dysfunction of a Joint(s) (due to any cause), and listing 12.04, Affective Disorders.  (R. 17-18; *see* 20 C.F.R. Part 404, Subpart P, Appendix 1).  The ALJ also considered Plaintiff's obesity according to SSR 02-1p.  (R. 17).  After considering the entire record, the ALJ determined that the Plaintiff retained the RFC to perform light work, limited insofar as Plaintiff

> is limited to only frequent pushing and pulling with her left arm, within the weight limits of the light exertional category.  She can occasionally reach overhead with her left arm, and can frequently reach forward.  [She] is functionally illiterate in the English language, including an inability to effectively understand, speak, read or write in English.  She is limited to work involving only detailed, but not complex tasks; and she is able to maintain concentration, pace and persistence at such tasks for two hours at a time before taking a normally scheduled break.

(R. 19-22).  The ALJ then determined that Plaintiff was able to perform her past relevant work as a garment inspector and garment sorter as generally performed.  (R. 23).  Consequently, the ALJ found that Plaintiff was not disabled through the date of the decision.  (R. 23).

C.   **The ALJ's Determination of Plaintiff's Residual Functional Capacity**

Plaintiff contends that substantial evidence does not support the ALJ's decision because the hypothetical question presented to the VE does not include any reaching limitations, including those set forth in the RFC determination.  (Pl.'s Br. 3-5, ECF No. 23).

Residual functional capacity ("RFC") is the most an individual can still do despite his or her limitations. 20 C.F.R. §404.1545; SSR 96-8p. The responsibility to determine the plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the plaintiff's abilities despite his or her physical and mental limitations. *Martinez*, 64 F.3d at 176. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) (per curiam). The ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam).

It is the plaintiff's burden to establish disability and to provide or identify medical and other evidence of his or her impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). The plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

**D.    Analysis**

**1. The Parties' Arguments**

Plaintiff contends that the ALJ's decision is not supported by substantial evidence and results from legal error. (Pl.'s Br. 3, ECF No. 23). In support of her contention, Plaintiff states that the ALJ's RFC determination limits Plaintiff to occasionally reaching overhead with her left arm and frequently reaching forward but the garment inspector and garment sorter jobs identified

by the VE require frequent reaching. (*Id.* at 3-4, citing R. 19, 42). Plaintiff argues that while the ALJ posed hypothetical questions that included literacy and mental RFC limitations, none of the ALJ's hypothetical questions included reaching limitations. (*Id.* at 4, citing R. 43-45). Plaintiff further argues that when her hearing counsel questioned the VE and included limitations of occasional reaching, handling, and fingering with the left arm, the VE testified that Dictionary of Occupational Titles ("DOT") does not distinguish between arms and that both the garment inspector and garment sorter jobs require frequent reaching. (*Id.*, citing R. 44-45). Plaintiff maintains that the VE testified that Plaintiff would not be able to perform her past relevant work with these limitations. (*Id.*, citing R. 44-45). Moreover, Plaintiff contends that while the DOT does not distinguish between reaching forward and reaching overhead, the DOT states that the garment inspector and garment sorter jobs require frequent reaching, which exceeds Plaintiff's RFC. (*Id.*) Therefore, Plaintiff argues that had the ALJ found that Plaintiff was unable to perform her past relevant work at step four, the ALJ would have determined at step five that Plaintiff was disabled. (*Id.* at 4-5).

The Commissioner responds by arguing that the ALJ properly compared Plaintiff's RFC with the demands of the garment inspector and garment sorter jobs. (Def.'s Br. 2, ECF No. 25). The Commissioner claims that the DOT descriptions of the garment inspector and garment sorter jobs do not indicate that the jobs require more than occasional overhead reaching with a non-dominant arm. (*Id.* at 3). Specifically, the Commissioner contends that the DOT only states that the jobs require frequent reaching without identifying a specific direction. (*Id.* at 4). Furthermore, the Commissioner maintains that the DOT does not require bilateral use of an individual's upper extremities. (*Id.* at 5, citing *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000)). Additionally, the Commissioner argues that the ALJ did not indicate that he relied solely

on the VE's job descriptions when determining that Plaintiff could perform her past relevant work because the ALJ stated, "[i]n comparing [Plaintiff's RFC] with the physical and mental demands of this work, I find that [Plaintiff] is able to perform the jobs of garment inspector and garment sorter as generally performed." (*Id.* at 3-4, citing R. 23). Thus, the Commissioner contends that the ALJ conducted an independent analysis and that Plaintiff's reliance on the VE's testimony is misplaced. (*Id.* at 4, citing *Williams v. Califano*, 590 F.2d 1332, 1334 (5th Cir. 1980) (per curiam)). The Commissioner further argues that the record does not support an award of benefits because the record does not contain uncontroverted evidence of disability. (*Id.* at 5, citing *Ivy v. Sullivan*, 898 F.2d 1045, 1049 (5th Cir. 1990)). Therefore, the Commissioner requests that the Court affirm the ALJ's decision. (*Id.*)

### 2. The ALJ's Decision is Not Supported by Substantial Evidence

#### a. The ALJ Relied on VE Testimony at Step Four

Although Plaintiff focuses her argument on whether the jobs of garment inspector and garment sorter identified by the VE have requirements that exceed the ALJ's RFC determination, Plaintiff also maintains that none of the hypothetical questions posed by the ALJ included any reaching limitations. (Pl.'s Br. 3-4, ECF No. 23). As the Court finds that the ALJ elicited the VE's testimony to aid his decision at step four and that the ALJ relied on that testimony, the Court will evaluate the hypothetical questions posed to determine if they constitute reversible error.

In this case, the VE identified Plaintiff's past relevant work to include the jobs of cook helper, nurse aide, garment inspector, and garment sorter. (R. 42). In order to determine if Plaintiff could perform her past relevant work, the ALJ posed the following hypothetical question to the VE:

> [I]f a hypothetical individual were limited to a light exertional level of work as defined in the applicable rulings and regulations, if the hypothetical individual additionally is functionally illiterate in the English language in that they could not fully speak, read and write, would a hypothetical individual with those limitations be able to perform any of the claimant's past relevant work?

(R. 43). In response, the VE stated that Plaintiff could perform the jobs of garment inspector and garment sorter. (R. 43). The ALJ then included further limitations to the hypothetical question by limiting the hypothetical individual "to work involving only detailed, but not complex tasks and instructions." (R. 43-44). In response, the VE again stated that Plaintiff could perform the jobs of garment inspector and garment sorter. (R. 44). The ALJ posed no hypothetical questions including the reaching limitations set forth in his RFC determination.[4]

> Plaintiff's counsel also posed a hypothetical question to the VE:
>
> Just following the first hypothetical, if the hypothetical person was limited to light and illiterate in English language and to add that the person could only . . . occasionally reach in all directions, handle and finger . . . with the left arm only, and could use the right arm fully, would they be able to perform the [past relevant] work?

(R. 44). In response, the VE stated, "the DOT doesn't separate arms either right from the left, but I can tell you that the garment sorter requires frequent reaching, frequent handling and occasional fingering and the inspector is frequent reaching, handling and fingering." (R 44-45). The VE further testified that Plaintiff would not be able to perform her past relevant work based on the hypothetical question posed by Plaintiff's counsel. (R. 45). No further questions were presented to the VE by Plaintiff's counsel or the ALJ. (R. 45).

In the decision, before proceeding to step four, the ALJ determined that Plaintiff had the RFC to perform light work, limited by, among other things, the ability to occasionally reach

---

[4] The ALJ posed two additional hypotheticals, one involving sedentary work and another involving a hypothetical individual who would have to miss one day of work per week on an unscheduled basis. (R. 44). The VE testified that such an individual could not perform any of Plaintiff's past relevant work. (R. 44).

No. EP-14-CV-97-ATB                    8

overhead and frequently reach forward with her left arm. (R. 19). At step four, the ALJ determined, based on the VE's testimony, that Plaintiff's past relevant work included the jobs of garment inspector and garment sorter. (R. 23). The ALJ then stated that "[i]n comparing [Plaintiff's RFC] with the physical and mental demands of [her past relevant] work, I find that [Plaintiff] is able to perform the jobs of garment inspector and garment sorter as generally performed." (R. 23).

The Commissioner argues that Plaintiff's reliance on the VE's testimony is misplaced because the ALJ is not required to use VE testimony at step four if the ALJ determines that Plaintiff could perform her past relevant work. (Def.'s Br. 4, ECF No. 25, citing *Williams*, 590 F.2d at 1334). Although the Commissioner has presented a correct statement of the law, courts have held that when the ALJ elicits testimony from a VE, the use of the VE cannot be ignored and must be proper under the law. *See Piccolella v. Astrue*, No. 3:09-CV-696-M, 2010 WL 1051045, at *4 (N.D. Tex. Mar. 18, 2010) (holding that when the ALJ calls a VE to testify, the hypothetical question presented to the VE must comport with the law); *Glenn v. Massanari*, No. Civ.A. 3:01CV0576-D, 2001 WL 1135401, at *7 (N.D. Tex. Sept. 14, 2001) (holding that the use of VE testimony was not required at step four but assuming reliance on the VE at step four and determining that the hypothetical question constituted reversible error); *Elders v. Apfel*, No. 3-98-CV-1602-BD, 1999 WL 61398, at *6 n.2 (N.D. Tex. Jan. 28, 1999) (holding that in choosing to elicit testimony from the VE, the ALJ could not ignore the VE's testimony without explanation); *but see Moss v. Apfel*, No. 98-20215, 1999 WL 130146, at *1 (5th Cir. Feb. 12, 1999) (per curiam) (unpublished) (holding that VE testimony was not necessary when the ALJ determined that the plaintiff could perform their past relevant work and, therefore, the sufficiency of the hypothetical question was irrelevant); *Wells-Defleice v. Colvin*, Civ. A. No.

3:13cv-1279-BH, 2014 WL 1670102, at *10 n.11 (N.D. Tex. Apr. 25, 2014) (holding that the ALJ's step four finding was not erroneous even though it contravened VE testimony because the VE was not required at step four). Here, while the VE identified four jobs constituting Plaintiff's past relevant work, the VE's answers to the ALJ's hypothetical questions limited Plaintiff to being able to perform the jobs of garment inspector and garment sorter. (R. 42-45). Although the ALJ's decision does not specifically state that he relied on the VE's testimony for anything other than identifying Plaintiff's past relevant work, the Court is hard-pressed to find that the ALJ did not rely on the VE's testimony in making the finding that Plaintiff could perform her past relevant work as a garment inspector and garment sorter given the hypothetical questions that the ALJ posed to the VE and the VE's responses. Thus, the Court rejects the Commissioner's argument that the ALJ conducted an independent analysis because it appears that his decision relied on the VE's testimony. Therefore, the Court must determine if the ALJ's hypothetical questions constituted reversible error.

### b. The ALJ's Hypothetical Questions Constitute Reversible Error

Well-settled precedent provides the standard for determining whether a hypothetical question is defective and constitutes reversible error:

> Unless the hypothetical question posed to the [VE] by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ, and the claimant or his [or her] representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the [VE] any purported defects in the hypothetical questions (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question), a determination of non-disability based on such a defective question cannot stand.

*Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994) (per curiam) (citation omitted). A plaintiff's failure to point out defects in the hypothetical question does not save the hypothetical from being improper. *Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001) (citation omitted). Thus,

the VE's answer to a hypothetical question is supported by substantial evidence when the ALJ's hypothetical question includes all disabilities supported by the evidence and Plaintiff's counsel has the opportunity to correct the hypothetical question and suggest additional disabilities not recognized by the ALJ.  *See Bowling*, 36 F.3d at 436.

The Court finds that the ALJ, without explanation, ignored the VE's opinion that Plaintiff could not perform the garment sorter and garment inspector jobs based on the hypothetical question posed by Plaintiff's counsel and failed to incorporate Plaintiff's limitation to occasional overhead reaching with her left arm into the hypothetical question to the VE.  As stated above, the ALJ's hypothetical questions to the VE included no reaching limitations.  (R. 42-45).  In response to a hypothetical question posed by Plaintiff's counsel including, among other things, occasional reaching with Plaintiff's left arm, the VE testified that Plaintiff could not perform her past relevant work because the jobs of garment inspector and garment sorter required frequent reaching.  (R. 44-45).  The ALJ found that Plaintiff had the RFC to perform light work, limited by, among other things, the ability to occasionally reach overhead and frequently reach forward with her left arm.  (R. 19).  Although the ALJ's RFC determination is not as restricted as the hypothetical question presented by Plaintiff's counsel, the VE's testimony that Plaintiff could not perform her past relevant work if she was limited to occasional reaching with her left arm is in conflict with the ALJ's determination that Plaintiff's RFC is limited by the ability to occasionally reach overhead with her left arm.  Moreover, the hypothetical questions posed by the ALJ did not incorporate all of the limitations that the ALJ recognized.  Had the ALJ posed a hypothetical question that included the reaching limitations set forth in the ALJ's RFC determination, the VE may have testified that Plaintiff was unable to perform her past relevant work as a garment

inspector and garment sorter. Therefore, the Court finds that the ALJ's decision lacks substantial evidence at step four.

The Court, however, agrees with the Commissioner that an award of benefits is not proper in this case. In light of the ALJ's error at step four regarding the hypothetical questions posed to the VE, the Court finds that this case should be remanded for further proceedings.

### 3. Plaintiff's Remaining Points of Error

As the Court finds that this case should be remanded for reconsideration based on the ALJ's error regarding the hypothetical questions posed to the VE, it will not review Plaintiff's remaining claims. On remand, Plaintiff can raise any remaining issues before the ALJ. 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

### IV. CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that the decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings.

**SIGNED** and **ENTERED** this 19th day of April, 2016.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**